LAFLIN et al. v. SHACKLEFORD et al.

(Circuit Court of Appeals, Fifth Circuit.  December 5, 1899.)

Nó. 823.

1. PLEADING—AMENDMENT OF BILL OF PARTICULARS.
     Under its general power to allow amendment of pleadings, a trial court may, in its discretion. permit the amendment of a bill of particulars attached to the declaration.

2. REVIEW ON APPEAL—RULINGS ON EVIDENCE.
     An assignment of error based upon a ruling rejecting an offer of evidence which embraced the entire record and proceedings in a former suit, a large part of which was immaterial and irrelevant, does not raise the question of the admissibility of other portions.  Such question could only be presented for review by offering those portions separately, and obtaining rulings thereon.

3. SAME—SUFFICIENCY OF BILL OF EXCEPTIONS.
     To enable the circuit court of appeals to review a ruling rejecting evidence, the substance, at least, of the evidence excluded must be incorporated in the bill of exceptions, as is expressly required by rule 11 of the court for the Fifth circuit.

In Error to the Circuit Court of the United States for the Southern District of Florida.

W. H. Baker, for plaintiffs in error.
Edw. R. Gunby, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge.  This is an action on an account for services rendered as attorneys at law, brought by Thomas M. Shackleford and N. B. K. Pettingill, late partners as Shackleford & Pettingill, against Albert S. Laflin and John P. Laflin.  Judgment was had for the plaintiffs in the court below for $2,700, and the defendants bring the case to this court to reverse the judgment.

1. The first assignment of error is that the court erred in allowing the plaintiffs during the trial to amend the bill of particulars attached to the declaration by adding thereto an item "for legal services in the case of Laflin and Laflin against Mary A. Philbrick and others."  The bill of particulars as first filed contained an item for a retainer in the suit, but none for a fee for legal services.  The declaration, however, claimed $3,058.25 for and as a reasonable re-

tainer, "and for the labor and professional services of the said plaintiffs." The bill of exceptions shows that the exception was taken to the ruling of the court that the said amendment should be allowed. The allowance of an amendment to the pleadings is discretionary with the court below. Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426; Bullitt Co. v. Washer, 130 U. S. 142, 9 Sup. Ct. 499, 32 L. Ed. 885. The purpose of the bill of particulars is to amplify the declaration, and to inform the defendant substantially on what the plaintiff's action is founded. A bill which does this is good. Canal Co. v. Knapp, 9 Pet. 541, 9 L. Ed. 222. No good reason seems to exist why courts that have the authority to permit the declaration to be amended should not also have the power to allow an amendment to the bill of particulars. The question has been decided by the courts of last resort in many of the states, and the authority to allow such amendment has been uniformly sustained. 3 Enc. Pl. & Prac. (1895) p. 537, and cases there cited. In the case of Canal Co. v. Knapp, supra, the supreme court incidentally treats a bill of particulars as amendable. It was in the discretion of the lower court to permit the amendment of the bill of particulars. If the character of the amendment had surprised the defendants, so as to make it unjust to proceed with the trial, on proper application a continuance would have been allowed.

2. The second assignment of error is that the court erred in refusing to permit the defendants to introduce in evidence the record and the proceedings in the case of Laflin and Laflin against Mary A. Philbrick and others, and to read the same to the jury. On the trial the plaintiffs introduced evidence tending to prove that Jefferson B. Browne was the agent and attorney of the defendants, and resided at Key West, Fla., and that at Browne's request the plaintiff Pettingill went to Key West, and was away from Tampa, his home, for about one week, during which time he was rendering professional services in the case of Laflin and Laflin against Mary A. Philbrick and others. While in Key West, upon information furnished him by Browne, he prepared and filed certain amendments to the original bill of complaint in the case. The testimony previously introduced by the plaintiffs showed that the bill of complaint in the case was prepared by Browne, and that, in the opinion of Browne, it had become necessary for him to accept the position of the receiver sought to be appointed by the bill. The plaintiffs had been employed to sign the bill as counselors and solicitors for the complainants, and had been paid therefor the sum of $300. The plaintiffs' testimony tended to show that the sum of $300 was in full of the claims for services rendered by signing the bill of complaint, having decree entered, injunction granted, and receiver appointed. This bill was filed in the state court, and Browne was appointed receiver. Afterwards the case was removed from the state court to the United States court. The plaintiffs further introduced evidence tending to show that the plaintiff Pettingill had interviews with the defendants in the city of New York, and that professional advice of a general character was given by him. The plaintiffs also introduced evidence tending to show the value of the services rendered by the plaintiffs

to the defendants by introducing as witnesses attorneys at law to testify as experts as to the value of the services rendered. The defendants afterwards, as a part of their testimony, offered in evidence the records and the proceedings in the case of Laflin and Laflin against Mary A. Philbrick and others, including in such records the amendments to the original bill of complaint in said cause prepared and filed by the plaintiff, Pettingill, consisting of about 50 pages, more or less, for the purpose of showing the work and services rendered, to the introduction of which the plaintiffs objected on the ground that the same was immaterial and irrelevant. The court sustained the objection, and ruled that the records and proceedings were not admissible in evidence. To this ruling the defendants excepted. It is true, as contended by the plaintiffs in error, that in an action for legal services the opinion of attorneys as to their value is not to preclude juries from exercising their own knowledge and ideas on the subject. Expert evidence is not the only evidence received in such cases. As in other actions, any material, relevant evidence is received. On all the evidence the case is decided, and the jury is not bound to accept the opinion of the expert witnesses as conclusive. Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028; The Conqueror, 166 U. S. 110, 17 Sup. Ct. 510, 41 L. Ed. 937. But the rules of procedure in actions where expert evidence is offered, and defendants seek to answer or rebut it, are the same as in ordinary cases. The assignment of error and the bill of exceptions in this case must be tried and construed as in other cases. We find that the defendants offered in evidence "the records and proceedings in the case of Laflin and Laflin against Philbrick and others." The offer is not alone of the 50 pages of amendments to the bill. It is not simply an offer of the record in the cause. The proposition is to read to the jury the whole file of papers, the record and proceedings in the cause, which includes all processes issued, and all papers, motions, and writs relating to the various steps taken by either party in the action. This is offered as a whole. No offer is made of the pleadings alone, the amendment alone, or of such papers from the file as would tend to show what professional services had been performed by the plaintiffs. The question as to the admissibility of these in evidence, or of either of them if offered separately, is not before the court for decision. The question for decision is, does it appear from the bill of exceptions that the court erred in excluding the evidence as offered? The well-established rule is that every presumption is in favor of the correctness of the ruling of the court below. The party complaining must make it appear that an error has been committed. To do this, he must separate relevant and material evidence from that which is irrelevant and immaterial, and offer only the former. If he offers both as a whole, the ruling of the court rejecting it all will not be reversed on appeal. This rule is well applied and expressed in Wheeler v. Styles, 28 Tex. 240, the court saying that if the party offered to introduce the whole record, "when but a small part of it was competent, and failed to point out to the court below the part that was competent, this court will not revise the ruling of the court below excluding the whole of the

record." See, also, Warren v. Wagner, 75 Ala. 188, 200. It should be noted, also, as a rule of general application, that, where the exception alleges error on the part of the trial court in the rejection of evidence, the substance, at least, of such excluded evidence should be incorporated in the bill of exceptions. This is necessary to enable the appellate court to see whether the evidence was material. In Livingston v. Cooper, 22 Fla. 292, is a clear expression of this general rule. Mr. Justice Van Valkenburgh, speaking for the court, said:

"It is a rule of law, well settled, that every presumption is in favor of the correctness of the ruling of the court below; and, in order to induce the appellate court to reverse such ruling, it must appear that an error has been committed. And, when a party fails to bring up the evidence upon which such ruling is based, this court will refuse to consider the exception."

In Barwick v. Rackley, 45 Ala. 215, the party had offered in evidence "all the records of said court pertaining to said settlement." No part of the evidence was in the bill of exceptions. The court said:

"The papers and records stated to have been introduced in evidence are merely mentioned by name. As the evidence is not set out in the bill of exceptions, we cannot know whether the probate court decided right or wrong. The rule in such cases is that the appellate court will presume the court below decided right, and affirm its judgment."

The same rule is established by the courts of last resort in many of the states. 3 Enc. Pl. & Prac. 427, § 8, and cases cited in note 2. Rule 11 of this court (31 C. C. A. cxlvi., 99 Fed. cxlvi.) provides that "when the error alleged is to the admission or the rejection of evidence, the assignment of errors shall quote the full substance of the evidence submitted or rejected." This rule cannot be complied with unless the bill of exceptions is in conformity with the practice as here stated. Rule 21 of the supreme court on this point is, in effect, the same as rule 11 of this court. In Packet Co. v. Clough, 20 Wall. 528, 22 L. Ed. 406, applying the twenty-first rule of that court, the supreme court said:

"A party who complains of the rejection of evidence must show that he was injured by the rejection. His bill of exceptions must make it appear that, if it had been admitted, it might have led the jury to a different verdict. This must be understood as the practice in this court, and such is the requirement of our twenty-first rule. By that rule it is ordered that, when the error assigned is to the admission or rejection of evidence, the specification shall quote the full substance of the evidence offered, or copy the offer as stated in the bill of exceptions."

The judgment of the circuit court is affirmed.