## RICKETTS v. UNITED STATES.

Court of Appeals of District of Columbia.
Submitted April 5, 1929. Decided
May 6, 1929.

No. 4772.

944

S. A. H. Ricketts, R. W. Pearson, P. J. Sedgwick, and Irving Diener, all of Washington, D. C., for appellant.

Leo A. Rover, J. W. Fihelly, and Annabel Hinderliter, all of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. Appellant enlisted in the Army Nurse Corps of the United States on March 23, 1918, and served until she was honorably discharged on July 17, 1921. On July 17, 1918, during her term of service, she was granted a contract of War Risk Insurance in the principal sum of $10,000, conditioned for the full payment thereof in the event of her death, and for the payment to her of the monthly sum of $57.50, if she became permanently and totally disabled while the contract remained in force. Appellant regularly paid the premiums upon the contract up to and including the month of April, 1925.

On the 24th day of April, 1925, the United States Veterans' Bureau found that appellant had become permanently and totally disabled on March 25, 1925, and that her contract of insurance had matured as of that date, and since that time she has been paid the monthly installments of $57.50 due thereunder.

The controversy in this case arises because of appellant's claim that in fact she became permanently and totally disabled at an earlier date than that allowed by the Bureau, to wit, on the 17th day of July, 1921, the date of her discharge, and that the contract rightfully matured at that time. She accordingly claims that she was wrongfully deprived of the installments due to her between the dates of July 17, 1921, and March 25, 1925, and was likewise compelled to continue paying the premiums upon the contract between these dates; and she prayed judgment for the amount thereof, to wit, the aggregate sum of $2,959.06, and interest.

The government by plea denied that appellant had become permanently and totally disabled prior to March 25, 1925.

Accordingly, the sole issue of fact for trial in the lower court was whether the appellant had become permanently and totally disabled prior to March 25, 1925. This issue was tried upon evidence to the jury, who returned a verdict against appellant. Judgment was entered thereon; whereupon this appeal was taken.

The first two assignments of error preferred by appellant relate to the exclusion of evidence by the lower court at the trial. The appellant as plaintiff called as a witness Annabelle Hinderlighter, an employee in the office of the General Counsel of the United States Veterans' Bureau, who produced at the request of plaintiff the complete file of the Bureau concerning plaintiff and testified that in the file there was a report of a medical examination made by Dr. H. E. Whiteledge, reporting his findings upon examination of the plaintiff, and stated that the record is a permanent document or report in the files of the Bureau and is dated the 27th day of June, 1924. Thereupon the following colloquy ensued between the court and counsel:

"Mr. Maher (for plaintiff): I will offer in evidence at this time the report of Dr. H. E. Whiteledge dated June 27, 1924, being a medical examination. * * *

"Mr. Fihelly (for defendant): Would your Honor like to see this? We intend to make an objection.

"The Court: You may state the nature of your objection.

"Mr. Fihelly: If your Honor please, the first ground of our objection is that it would be nothing but base hearsay, a statement made by a physician as to certain things that he believed or saw would not be the best evidence.

"Mr. Maher: It is the statement, if your Honor please, not hearsay but a statement made by an officer of the defendant here.

"The Court: You object on the ground that the doctor himself is not here?

"Mr. Fihelly: Yes, your Honor.

"The Court: I shall have to sustain the objection.

"Mr. Maher: And I take an exception, if your Honor pleases."

And the objection, ruling of the court thereon, and an exception thereto of counsel for the defendant, was allowed by the court and made of record on the minutes of the court.

Whereupon the following ensued:

"Mr. Maher: I shall next offer in evidence the report of the physical examination of Dr. H. E. Whiteledge, dated the 31st day of May, 1924, a document similar to that already offered.

"Mr. Fihelly: We wish to make the same objection to those, if your Honor pleases.

"The Court: I take the same action.

"Mr. Maher: I note the exception."

We are unable to consider these exceptions for the reason that the written reports to which they relate are not included in the bill of exceptions, nor are they to be found in the record now before the court; nor does the record set out in any manner their substance or effect. This omission makes it impossible for us to determine whether the excluded reports were relevant and material, and if so whether their exclusion was prejudicial to the plaintiff's cause. "The exclusion of documentary evidence cannot be reviewed on appeal where neither the document nor its contents were offered in evidence." 3 C. J. 827. In Myers v. Brown (C. C. A., 9th Cir.) 102 F. 250, error was alleged because the trial court refused to admit in evidence a judgment roll of record in another case. The court in disposing of this assignment of error said: "It is a sufficient answer to this point to say that that judgment roll is not embodied in the bill of exceptions nor does it appear anywhere in the record." Upon this same point the Court of Appeals of Maryland said in Hunner v. Stevenson, 122 Md. 40, 89 A. 418: "The charter of the Union Protestant Infirmary, which was offered as shown by the twentieth exception, is not in the record, and hence we can not say whether it was relevant." In Laflin v. Shackleford (C. C. A.) 98 F. 372, the court said: "It should be noted, also, as a rule of general application, that, where the exception alleges error on the part of the trial court in the rejection of evidence, the substance, at least, of such excluded evidence should be incorporated in the bill of exceptions. This is necessary to enable the appellate court to see whether the evidence was material." See Sipes v. Seymour (C. C. A.) 76 F. 116; Leftwich v. Lecanu, 4 Wall. 187, 189, 18 L. Ed. 388; Northwestern Union Packet Co. v. Clough, 20 Wall. 528, 22 L. Ed. 406; Livingston v. Cooper, 22 Fla. 292.

These considerations effectually dispose of the first and second assignments of error alleged by the appellant.

■ The third assignment of error presented by appellant is equally defective, for it challenges the charge of the trial court in one particular, whereas the record does not contain the court's charge nor any part of it, nor does it show any exception taken at the time thereto.

■ Appellant's fourth assignment of error is directed to the action of the trial court in denying the motion for a new trial. It has been repeatedly held by this court that, if no error of law is shown in the record, the refusal of a new trial is not a ground of appeal. Woods v. Richmond & D. R. Co., 1 App. D. C. 165; District of Columbia v. Wilcox, 4 App. D. C. 90; Thomas v. Presbrey, 5 App. D. C. 217; Brown v. Bradley, 6 App. D. C. 207; Columbia Ry. Co. v. Cruit, 20 App. D. C. 521.

In the fifth and last assignment of error appellant complains that the lower court erred in not setting aside the verdict of the jury on the ground that it was contrary to the whole evidence and to the weight of the evidence.

We deem it unnecessary to discuss the evidence in detail. The record discloses that substantial evidence was introduced in support of each side of the controversy. But it is certain that no such preponderance appears on the appellant's part as to warrant a reversal of the trial court's judgment upon that ground.

We are constrained therefore to affirm the judgment.

Affirmed.