## ISSARD v. ADDISON.

### No. 1118.

Municipal Court of Appeals for the District of Columbia.

Submitted Oct. 8, 1951.

Decided Oct. 23, 1951.

John G. Saul, Washington, D. C., for appellant.

Robert C. Hilldale, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant performed certain construction work for appellee in the basement of a house for an agreed price of $2,850. Appellee paid appellant $2,779.17 and gave a promissory note for the balance of $70.83. Appellant sued on the note and appellee filed a counterclaim for $800 for alleged failure of appellant to complete the construction work in accordance with the agreement. At trial appellee admitted giving the note but offered evidence, supported by the testimony of an experienced contractor, that the work had not been completed and that it would cost $850 to complete it. The jury found for appellant for the amount of the note and for appellee for $570.83 on the counterclaim, and judgment for appellee was entered for the difference.

Appellant's brief sets forth four assignments of error which assignments do not coincide with the assignments of error in the record. The first two claims of error relate apparently to the claim that the trial court refused to receive parol evidence of the agreement between the parties. There was in evidence what appeared to be a contract between the parties, on a printed form used by appellant, which was signed by appellee but not signed by appellant. Appellant's argument seems to be that because this paper was not signed by him, it was not a contract, that the contract rested in parol and he should have been allowed to give parol evidence of the agreement. However, the record fails to show that he was denied such right. He was allowed to testify that the agreement was modified from time to time during the progress of the work and that he had performed certain additional work in substitution for some of the items originally agreed upon. As far as the record shows the only testimony offered by appellant and rejected, was testimony to the effect that the basement was intended to be used for sleeping quarters. Nothing in the record shows that such testimony was material to any issue in the case.

The next assignment relates to a subpoena duces tecum issued to the building inspector at appellant's request. It was issued about 10:00 o'clock on the second day of trial. No witness appeared in response to the subpoena and the evidence was closed at about noon of that day. Appellant complains that the trial court refused to demand attendance of the building inspector but the record shows no such refusal and shows no request by appellant for a continuance of the case until the witness could be

produced. Furthermore, there is no showing of excuse for the delay in issuing the subpoena.

The final error assigned relates to an alleged error of the trial court in instructing the jury, but the record does not contain the instructions given to the jury, and this claimed error is therefore wholly unsupported by the record.

Affirmed.