## SACHS v. ELLER.

No. 1212.

Municipal Court of Appeals for the District of Columbia.

Argued May 19, 1952.

Decided June 10, 1952.

Lydia M. Sachs, pro se.

J. Joseph Barse, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a judgment on a jury verdict in favor of plaintiff, a dentist, for $175 for professional services rendered in making a denture for defendant. The arguments in support of the appeal deal generally with issues of fact.

There were only two witnesses at the trial, plaintiff and defendant. The record shows, and it is not disputed, that plaintiff contracted to make a denture for defendant and after it had been made defendant called at plaintiff's office for a fitting. Plaintiff testified that the denture fit perfectly as to the teeth and flanges but that a slight adjustment in the "bite" of the teeth was required. He testified that to make this adjustment it was necessary to smooth off the filling in an upper right bicuspid. According to plaintiff, the only proper method to adjust the bite, and the method approved among local dentists, was to grind down the point which interfered with the bite. Defendant refused to permit plaintiff to do any grinding. She left his office without the denture and never returned for it or for the adjustment.

According to defendant's testimony the denture did not fit and the method which plaintiff suggested using to adjust the bite was not the accepted and approved method among local dentists. Her testimony was to the effect that defendant did not make clear to her what he intended to grind down; that she understood that he meant to grind down one of her teeth, and that she refused to permit it because it was not the proper method to adjust the denture. In support of her opinion that plaintiff's proposed method was improper defendant offered no expert testimony concerning the correctness of plaintiff's proposed method of adjustment.

On the basis of this evidence the jury found for the plaintiff. We cannot say that they erred. This was a suit on a contract in which defendant contended that plaintiff failed to perform his part of the contract. Failure of performance is a valid defense to a suit on a contract, provided such failure is not due to the acts of the defendant. Plaintiff testified that defendant refused to permit a necessary adjustment. Defendant admitted refusing but contended plaintiff's method was incorrect. Therefore, whether or not defendant's refusal was justified depended on the correctness of plaintiff's method of adjustment. It is not for us to determine how the denture should have been adjusted. Plaintiff was a qualified dentist who testified that his method was accepted and approved by other dentists in this locality. He testified that the adjustment could not be made on the denture itself without unduly weakening it. Defendant testified that in her opinion plaintiff could and should have made the adjustment by some other method. The jury accepted plaintiff's testimony.

Because appellant is not a member of the legal profession and has presented this appeal on her own behalf, we have examined closely both the record and the briefs. In her brief appellant assails the credibility of plaintiff's testimony and challenges the correctness of the jury's verdict. The issues raised by her would require a new determination of factual matters already decided. As an appellate court we have no power to retry factual issues; our authority is restricted to a review for errors of law. The decision of the jury, where supported by sufficient evidence, is conclusive and binding on us. The record supports the verdict and the judgment must be affirmed.

Affirmed.