## JOHNSON v. YELLOW CAB CO. OF D. C., Inc.

### No. 1281.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 9, 1952.

Decided Jan. 6, 1953.

Louis Ginberg, Washington, D. C., with whom Irving A. Levine, Washington, D. C., was on the brief, for appellant.

Sol Friedman, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Following an intersection collision Danny Lee Johnson sued Yellow Cab Company for damages to his automobile. In a counterclaim Yellow Cab demanded reimbursement for its damages. A jury found against plaintiff on his claim, and against defendant on its counterclaim. Plaintiff brings the case here for review on the sole ground that the trial judge incorrectly refused to give an instruction on the doctrine of last clear chance.

The collision happened at an intersection controlled by traffic lights. The testimony for the cab company was to the general effect that its driver entered the intersection with a green light in his favor; that plaintiff passed two cars which were stopping for an amber (caution) light and proceeded into the intersection when the light had turned red against him. Plaintiff said he entered the intersection on an amber light and admitted that he did not see the taxicab until a passenger sitting beside him told him to "Watch out"; that then the cab was "right in front of me." Though he stated it variously, he did admit on cross-examination that the taxicab was then some 4 or 5 feet away from him and that he "could not say for sure" whether he applied his brakes before the collision, and that "it was just at that split second that my car and the cab hit." He also admitted that his was the striking vehicle: "and then, about his rear door, the center of his car, I hit his car full force at that point."

On the evidence it seems clear that if the jury found both drivers negligent (as they apparently did) they could do no more than speculate as to whether there was a time after such negligence had occurred when defendant could and plaintiff could not avoid the accident. We think the judge was right in not submitting such a speculative matter to the jury.

As the United States Court of Appeals has said of the last clear chance rule, "It

is not applicable if the emergency is so sudden that there is no time to avoid the collision, for the defendant is not required to act instantaneously." Dean v. Century Motors, 81 U.S.App.D.C. 9, 154 F.2d 201, 202. Soon afterwards in a case reported in the same volume that Court took the same position, stating the proposition even more firmly: "The doctrine of last clear chance applies only under proper circumstances. The trial courts are correct when they decline to inject into a case a proposition which has no reasonable basis in fact * * *." Hocheisen v. Smith, 81 U.S.App. D.C. 323, 158 F.2d 100, 101. To the same effect is United States v. Morow, 87 U.S. App.D.C. 84, 182 F.2d 986.

Appellant relies on Capital Transit Company v. Garcia 90 U.S.App.D.C. 168, 194 F.2d 162, and Capital Transit Company v. Finney, U.S.App.D.C., 198 F.2d 81. As we read those decisions, though they took a broader view concerning the application of the last clear chance doctrine they did not overrule or purport to overrule the cases from which we have quoted above. Moreover they are quite different on the facts from the case before us. We have concluded that there was no error in the ruling complained of and that the judgment should be affirmed.

The foregoing is the unanimous decision of the Court. The author of this opinion would add that the record brought up by appellant seems insufficient to support his claim of error. Though the record includes a stenographic transcript of part of the testimony and a narrative statement covering the rest of the trial, it contains not a word of the instructions which the judge gave the jury. The tendered instruction on last clear chance is in the record but we are left in the dark as to what the judge told the jury concerning the respective burdens of proof, negligence, contributory negligence and proximate cause. Nor do we know what he told the jury as to what facts they might find (or what inferences they might draw from such facts) as to relative distances and speeds of the two vehicles, the opportunity each driver had to avoid the collision, or any of the other legal aspects of the case which are now our concern.

The charge being absent from the record, appellee is entitled to have us presume that the jury were properly and correctly instructed. Metropolitan Life Ins. Co. v. Armstrong, 8 Cir., 85 F.2d 187. And courts have consistently held in situations like this that omission of the charge from the record leaves an appellant with no standing to demand a reversal. See generally, Andrews v. United States, 162 U.S. 420, 16 S.Ct. 798, 40 L.Ed. 1023; Ricketts v. United States, 59 App.D.C. 47, 32 F.2d 943; Magon v. United States, 9 Cir., 248 F. 201, certiorari denied, 249 U.S. 618, 39 S.Ct. 391, 63 L.Ed. 804; Standard Portland Cement Co. v. Foley, 5 Cir., 270 F. 203, certiorari denied, 256 U.S. 693, 41 S.Ct. 534, 65 L.Ed. 1174; Conway v. United States, 9 Cir., 142 F.2d 202; Issard v. Addison, D.C.Mun.App., 83 A.2d 747. Citing many cases, the rule is repeated in 4 C.J.S., Appeal and Error, § 1183.

Affirmed.