**STERN EQUIPMENT CO., Inc., a corporation, and Abram E. Stern, Appellants,**

v.

**Rutherford DAY, Appellee.**

No. 1811.

Municipal Court of Appeals for the District of Columbia.

Submitted June 11, 1956.

Decided July 20, 1956.

H. Nathaniel Blaustein and Charles B. Sullivan, Jr., Washington, D. C., for appellants.

John T. Reges, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit brought by an attorney for the reasonable value of legal services rendered his clients. The jury returned a verdict in his favor and defendants appeal.

Four errors are assigned. The first three concern the court's charge to the jury and in the fourth it is claimed that the verdict was contrary to the weight of the evidence. In answer to the fourth assignment we need only to say that it is not the function of this court to weigh the evidence,[1] and there being sufficient evidence to support the verdict, it is conclusive and binding upon us.[2]

Directing our attention to the allegations of error pertaining to the court's charge to the jury, we note that the only record forwarded to this court was a partial stenographic transcript containing the testimony of plaintiff, defendants, and one witness who testified in defendants' behalf. The very heart of the case, the judge's charge to the jury, was not included for our review. Rule 23(b) of this court provides: " * * * If error is claimed in the court's charge to the jury, the entire charge or its substance shall be included in the statement." This rule not having been complied with, we cannot say that the charge did not cover fully and fairly the law governing this case.[3]

Assuming that the charge was not reported stenographically, a supplemental record in the form of a statement of proceedings and evidence could have been brought to this court for our consideration but this was not done, with the result that we are

1. Gardner v. Capital Transit Co., 80 U.S. App.D.C. 297, 152 F.2d 288, certiorari denied, 327 U.S. 795, 66 S.Ct. 824, 90 L.Ed. 1021; Soresi v. Repetti, D.C.Mun. App., 76 A.2d 585; Cohen v. United States, D.C.Mun.App., 63 A.2d 854.

2. Sachs v. Eller, D.C.Mun.App., 89 A.2d 644.

3. DeFries v. David, D.C.Mun.App., 105 A.2d 746.

unable to consider what defendants now contend were errors.[4] We have stated on many occasions that we are bound by the record brought to this court by the parties and it is their duty to see that it is complete and adequate for the purpose of considering the various contentions raised. This responsibility cannot be shifted to either the trial court or to this court. Consequently we have no alternative but to affirm.

Affirmed.

4. Johnson v. Yellow Cab Co. of D. C., Inc., D.C.Mun.App., 93 A.2d 566; Issard v. Addison, D.C.Mun.App., 83 A.2d 747; Cavalier v. Weinstein, D.C.Mun.App., 80 A.2d 918.