**Kirk A. METZEROTT, Appellant,**

v.

**HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY, Appellee.**

No. 1945.

Municipal Court of Appeals for the District of Columbia.

Argued March 18, 1957.

Decided April 30, 1957.

Samuel C. Klein, Washington, D. C., for appellant.

William J. Donnelly, Jr., Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant sued appellee alleging breach of contract for the payment of a reward offered for the return of a diamond spray pin, or in the alternative, to recover on a quantum meruit. The case was tried to a jury and from a judgment disallowing recovery this appeal was brought.

In his statement of error appellant alleges that the trial court refused to instruct the jury on quantum meruit. However, he failed to include in the record the judge's charge in its entirety or a sufficient portion thereof to enable us to determine whether there was a fair and complete presentation of the issues to the jury. Rule 23(b) of this court provides that " * * * If error is claimed in the court's charge to the jury, the entire charge or its substance shall be included in the statement." Noncompliance with this rule renders impossible consideration of the error assigned.[1] During argu-

1. Stern Equipment Co. v. Day, D.C.Mun. App., 1956, 124 A.2d 851.

ment this court called appellant's attention to the omission, but he made no motion or request to supplement the record. Appellee did supply a portion of the charge, but it does not furnish an adequate basis for consideration of appellant's claim of error.

We are not at liberty to speculate about the court's statements to the jury. Lacking the complete charge or its substance, we cannot say that the court did not cover fully and fairly the law governing the case. Consequently, we have no alternative but to affirm.

Affirmed.