### HOFFECKER et al. v. JENKINS.

### SAME v. SMITH.

### SAME v. FRIDD.

Nos. 5424–5426.

Circuit Court of Appeals, Fourth Circuit.

Nov. 3, 1945.

Preston P. Taylor, of Norfolk, Va., for appellants.

Llewellyn S. Richardson, of Norfolk, Va. (Geo. V. Credle, Jr., of Norfolk, Va., on the brief), for appellees.

Before DOBIE and NORTHCOTT, Circuit Judges, and HARRY E. WATKINS, District Judge.

NORTHCOTT, Circuit Judge.

These are three actions instituted in November, 1944, in the District Court of the United States for the Eastern District of Virginia, at Norfolk, by the three appellees, James W. Jenkins, Roy A. Smith and Nevison Fridd, here referred to as the plaintiffs, against the appellants, Charles Rowland Hoffecker and Rowland G. Hoffecker, his son, here referred to as the defendants. The three suits were consolidated and tried together. The object of the suits was to recover damages for personal injuries alleged to have been suffered by the plaintiffs in an accident when the three plaintiffs were struck by an automobile, owned by defendant Charles Rowland Hoffecker, Commander in the United States Navy. At the time of the accident, defendant Rowland G. Hoffecker was driving the car in which Charles Rowland Hoffecker and another passenger were riding.

A trial was had before a jury in December, 1944, and evidence taken. The jury returned verdicts for the three plaintiffs as follows: James W. Jenkins, $2,500; Roy A. Smith, $4,000; Nevison Fridd, $2,500. Counsel for defendants made a motion to set aside the verdicts on the ground that they were contrary to the law and the evidence and on the further grounds that there was error in the judge's charge and that during the course of the trial some of the jurors had read a newspaper article to the effect that the defendants were reported to be covered by liability insurance.

After argument these motions were over-ruled and judgment was entered on the verdicts in May, 1945. From this action of the court below this appeal was brought.

On December 26, 1943, between 9 and 10 o'clock P. M. the three plaintiffs were walking in a westerly direction, practically abreast of each other, on their right-hand side of 99th Street, which is a wide, hard surfaced street connecting Taussig and Hampton Boulevards, Norfolk, Virginia. The plaintiffs were members of the British Navy and dressed in dark blue uniforms, including hats and raincoats, and black shoes. It had been raining almost all day and there was some water on the edge of the street at various places; it was not raining at the time of the accident and the night was dark. While thus walking on the right hand side of the street with their backs to traffic, the plaintiffs were struck from the rear by an automobile traveling in a westerly direction. There are no side-walks along either side of 99th Street.

There was no conflict in the evidence as to the facts with regard to any material point.

Section 2154 (126) sub-section (f) of Michie's 1942 Virginia Code, which section was in effect at the time of this accident, provides as follows:

"Pedestrians shall not use the highways, other than the side-walks thereof, for travel, except when obliged to do so by the absence of sidewalk, reasonable, suitable and passable for their use, in which case they shall keep as near as reasonably possible to the extreme left side or edge of same."

The speed limit on the road where the accident happened was 35 miles per hour and the driver of the automobile testified that he was at that time traveling twenty to twenty-five miles per hour.

The main point involved in this appeal is whether there was sufficient evidence to take the case to the jury on the theory of the last clear chance.

■ Admittedly the plaintiffs were guilty of negligence in walking on the wrong side of the street in violation of the Virginia Statute above quoted. This being true, it is well settled by the decisions of the Supreme Court of Appeals of Virginia that anyone seeing a person in danger, even when brought about through his own negligence, must use due care to avoid injuring him. In no State has the doctrine of last clear chance been more clearly defined and more rigorously enforced than in the State of Virginia. As was said by Holt, J., in the case of State of Maryland for Use of Joynes v. Coard, 175 Va. 571, 9 S.E.2d 454, 458:

"Whenever one sees another in a place of peril from which it appears that he cannot extricate himself or where it appears that he is unconscious of his danger, or whenever by the exercise of ordinary care the defendant should have been cognizant of the situation and has a clear chance to avoid an accident with safety to himself, he must take that chance. In short, he is charged with what he saw and with what he should have seen. The antecedent negligence of a plaintiff does not of itself preclude his recovery. Starkley stated, the reason for the rule is this: One can not kill another merely because he is negligent."

Again, in Virginia Electric & Power Co. v. Whitehurst, 175 Va. 339, 8 S.E.2d 296, 299, Hudgins, J., said:

"This doctrine is precisely what the name implies—that is, that one of the litigants had a last clear chance to avoid inflicting the damage or injury, notwithstanding the fact that the other litigant had previously placed himself or his property in a position of peril."

In Yellow Cab Corporation of Abingdon v. Henderson, 178 Va. 207, 16 S.E.2d 389, 393, Spratley, J., said:

"It is distinguished from concurring negligence by the fact that in the last clear chance, one litigant discovers, or by the exercise of ordinary care should have discovered, the peril of the other litigant and, therefore, has the opportunity of avoiding the injury but fails to do so. In such a situation, the negligence of the plaintiff may become the remote cause and that of the defendant the proximate cause."

In Gregory v. Daniel et al., 173 Va. 442, 4 S.E.2d 786, 787, Browning, J., said:

"The violation of a statute, of itself does not necessarily constitute such negligence as will establish the existence of the principle of proximate cause. * * *"

In Virginia Electric & Power Co. et al. v. Ford, 166 Va. 619, 186 S.E. 84, 87, Campbell, C. J., quoting from Virginia Electric & Power Co. v. Vellines, 162 Va. 671, 175 S.E. 35, 40, said:

"Continued and concurring negligence is a complete defense unless there be some

circumstance or superadded fact which would make reliance upon it inhuman and culpable. One cannot maim or injure another merely because he is negligent. It is only when these superadded facts or circumstances make the conduct of the defendant the proximate cause that the rule applies."

In Clay et al. v. Bishop, 182 Va. 746, 30 S.E.2d 585, 588, Eggleston, J., said:

" * * *. Even if it be assumed that the statute does apply, and that its violation was negligence per se, yet it was for the jury to say whether such violation was a remote cause and the negligence of the driver was the proximate cause of the accident."

See, also, Parker v. Norfolk Orange Crush Bottling Co., Inc., 175 Va. 249, 8 S. E.2d 301. Crawford v. Hite, 176 Va. 69, 10 S.E.2d 561.

The defendants rely on a number of Virginia cases but principally upon Saunders v. Temple, 154 Va. 714, 153 S.E. 691, and South Hill Motor Co. v. Gordon, 172 Va. 193, 200 S.E. 637.

In the case of Saunders v. Temple the evidence showed that the man injured stepped in front of the automobile that struck him when it was only four feet away and the court properly held that the last clear chance doctrine could not be applied. In the case of South Hill Motor Co. v. Gordon, the injured man had been drinking and was walking along his left side of the highway facing the car that struck him and had every opportunity to see the lights of the approaching car but failed to get out of the way. Here again, it is plain that the doctrine of last clear chance could not properly be applied.

An examination of the other cases cited on behalf of the defendants show that the facts in each case were entirely different from the facts proven here.

There was evidence offered in the instant case that would justify the jury in reaching the conclusion that the driver of the automobile which struck the plaintiffs could, with the use of ordinary care, have seen the plaintiffs in time to have avoided striking them either by stopping his car, if he were not driving too fast, or by going around them, the road being a very wide one. It was a question of fact for the jury. We are of the opinion that the judge was right in letting the case go to the jury on the doctrine of the last clear chance.

It is contended on behalf of the defendants that the charge of the judge to the jury was erroneous but a reading of the charge as a whole leads us to the conclusion that it was a correct and fair statement of the law.

It is finally urged that the trial judge erred in refusing to order a mistrial because some of the jurors had either read or discussed an article in a local newspaper stating that it was "reported the defendants were covered by liability insurance." It is admitted that the trial judge did everything possible to get the jurors to whom this information had come to disregard the newspaper article and to insure that it did not affect these jurors in their consideration of the case. The reference to insurance did not occur in the course of the trial and the court instructed those jurors who had read or discussed the newspaper article as follows:

"Whether that statement is or is not correct, cannot be shown in evidence before you. I shall proceed with the trial of the case on the assurance of you gentlemen that the fact that you are aware of the statement contained in the paper will not influence your verdict, and I want to caution you again not to discuss it with the other members of the jury."

There is a difference between testimony or offers of proof as to insurance in the course of a trial and mere newspaper reports and when the trial judge promptly takes steps to warn the jury not to regard the newspaper report there is no error. Hoffschlaeger Co. v. Fraga, 9 Cir., 290 F. 146.

We had occasion to discuss this subject in the case of Jupollo Public Service Co. v. Grant, 4 Cir., 42 F.2d 18, and in Bratcher v. United States, 4 Cir., 149 F.2d 742.

There was sufficient evidence to take the case to the jury on the doctrine of "last clear chance"; there was no error in the judge's charge to the jury and those jurors who had read or heard of the newspaper article were promptly instructed to disregard it and said that they could do so. In our opinion the verdicts were not excessive.

The judgments of the court below are accordingly affirmed.

Affirmed.