**UNITED STATES v. MOROW.**

**No. 10444.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 10, 1950.

Decided June 12, 1950.

————◇————

Mr. Stafford R. Grady, Assistant United
States Attorney, Washington, D. C., with
whom Messrs. George Morris Fay, United
States Attorney, and Joseph M. Howard,
Assistant United States Attorney, Washing-
ton, D. C., were on the brief, for appellant.
Mr. Ross O'Donoghue, Assistant United
States Attorney, Washington, D. C., also
entered an appearance for appellant.

Mr. Alvin L. Newmyer, Jr., Washington,
D. C., with whom Mr. Alvin L. Newmyer
Washington D. C., was on the brief, for
appellee.

Before EDGERTON, PRETTYMAN
and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The United States appeals from a judgment of the District Court awarded to appellee for personal injuries and damage to her automobile due to a collision with a truck of the United States Marine Corps operated by a Staff Sergeant of the Corps. The action was filed under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), and so the trial was by the court without a jury. Id. § 2402. The United States urges that we reverse and remand with instructions that judgment be entered for the United States. The reason given is that the trial court erred in applying the last clear chance doctrine to the facts found by the court. We agree that reversal is required for the reason stated but we think a new trial should be granted.

The plaintiff and the Sergeant, in the respective vehicles operated by them, were traveling south along a broad six lane boulevard in Virginia near the Pentagon Building in the environs of Washington. The plaintiff was in front and was proceeding in the middle of three lanes used by southbound traffic. She decided to drive across a paved intersection or crossway which traversed a parkway separating the three southbound and the three northbound lanes of the highway, in order to reverse her direction and proceed north. As she approached the crossway she slowed to a very moderate speed and turned from the middle into the left lane so as to reach the intersection and pass through it to the other side of the boulevard. The Marine Corps truck was following in this left lane at a rather rapid rate. It collided with plaintiff's car.

The court adopted the version of the accident given by the Sergeant, and found:

"First that Sergeant Lewis was guilty of negligence in failing to slow down at the 'Slow' sign and in failing to slow down upon approaching an intersection as the regulations required. Second, the plaintiff was guilty of contributory negligence in making a left turn out of the middle lane and not taking sufficient notice of the fact that the Government truck was proceeding in the left lane. She should not have cut across the path of the truck but should have waited until the truck passed her, especially as there was no other traffic on the road."

The court further found:

" * * * according to the driver's testimony, he was about sixty-five feet back of the plaintiff's car when the plaintiff, carelessly, to be sure, began her left turn."

■ I. The court, properly looking to the law of Virginia, Rubenstein v. Williams, 1932, 61 App.D.C. 266, 61 F.2d 575; Paxson v. Davis, 1933, 62 App.D.C. 146, 65 F.2d 492; Giddings v. Zellan, 82 U.S.App.D.C. 92, 160 F.2d 585 certiorari denied, 332 U.S. 759, 68 S.Ct. 61, 92 L.Ed. 345, held that under the last clear chance doctrine as applied in Virginia, "if the Government driver had slowed down, as the law required him to do, he would have been able to stop in time to avoid this accident. At twenty miles an hour, the testimony shows, the truck could have been stopped at a distance of fifty-five feet."

The difficulty with the foregoing basis for the judgment against the United States is that the truck was going much faster than twenty miles an hour when, as the court found, the plaintiff carelessly turned into its path. There was in those circumstances no last clear chance for the Sergeant to have avoided the accident; there was no finding that at the speed it was traveling the truck could have been stopped in sixty-five feet, its distance from plaintiff when she turned into the left lane.

■ We have examined the Virginia cases and the law as it has been applied in that State, Hoffecker v. Jenkins, 4 Cir., 1945, 151 F.2d 951; Barnes v. Ashworth, 1930, 154 Va. 218, 153 S.E. 711; Hutcheson v. Misenheimer, 1938, 169 Va. 511, 194 S.E. 665; Saunders v. Temple, 1930, 154 Va. 714, 153 S.E. 691; Keeler v. Baumgardner, 1933, 161 Va. 507, 513, 171 S.E. 592, 595; Stuart v. Coates, 1947, 186 Va. 227, 42 S.E.2d 311; Grubb Motor Lines v. Woodson, 4 Cir., 1949, 175 F.2d 278. With the modification stated in Keeler v. Baumgardner, hereinafter noted, these cases take the factual situation as it exists in determining whether the doctrine of the last clear chance applies. The gist of the rule is that when a defendant has been negligent, as here found, but plain-

tiff's negligence also contributes to the accident, nevertheless defendant is liable if by the exercise of due care he still could, and the plaintiff could not, avoid the accident. In other words, the plaintiff is relieved of the consequence of his negligence if defendant notwithstanding the plaintiff's negligence has a fair chance—a last clear chance—to avoid the injury. But he must have such a chance in the circumstances which confront him when plaintiff's negligence occurs. In the factual situation found by the court this chance was not available to the Sergeant. The negligence of plaintiff as found by the court came at a time when, at the rate the Sergeant was traveling, he could not have stopped the truck as if it were going at twenty miles an hour.

The District Court took support from the following statement in Hoffecker v. Jenkins, supra, 151 F.2d at page 953, also involving an accident in Virginia:

"There was evidence offered in the instant case that would justify the jury in reaching the conclusion that the driver of the automobile which struck the plaintiffs could, with the use of ordinary care, have seen the plaintiffs in time to have avoided striking them either by stopping his car, *if he were not driving too fast,* or by going around them, the road being a very wide one. It was a question of fact for the jury. We are of the opinion that the judge was right in letting the case go to the jury on the doctrine of the last clear chance." [Italics supplied.]

The portion which we have italicized renders the full statement somewhat ambiguous. But read in the light of the facts of the case and of the other decisions in Virginia, supra, it must be taken only as a statement of what could have happened if the defendant was not driving too fast to prevent it.

█ The present case is unlike Hoffecker v. Jenkins and other cases which hold, we think properly, that one is accountable not only according to what one actually sees or does but also in the light of what one should see or do in the exercise of ordinary care. This rule is stated in Keeler v. Baumgardner, supra, as follows:

"* * * If from all of the evidence the jury could reasonably find that, regardless of the state of negligence of the plaintiff, the defendant, by the exercise of ordinary care, had a clear chance to save him, and failed to do so then an instruction on the doctrine [of the last clear chance] is justified. In cases such as the one here, where a defendant is required by law to keep a proper lookout, the test is, not whether he actually saw the plaintiff in time to have saved him, but whether he could have seen him in time to have avoided the injury, by exercising ordinary care, and failed to do so." [161 Va. 507, 171 S.E. 595.]

█ We agree that if there had been a failure of ordinary care on the part of the Sergeant after the plaintiff turned to the left and if the accident could have been avoided except for such failure, a last clear chance was attributable to him even though the failure was a continuing one which had begun prior to plaintiff's turn to the left. If, for example, he had not been keeping a proper lookout and continued not to do so he would not be relieved of responsibility if injury was a consequence. But we think this correct principle is not applicable when there is no failure to do all that is reasonably possible after the peril arises when such peril is in part due to plaintiff's negligence as was found by the court below.

██ Some cases hold that antecedent negligence of a certain character, which deprives a defendant of an actual chance to prevent the accident, places responsibility upon him. Dent v. Bellows Falls & S. R. St. R. Co., 1922, 95 Vt. 523, 116 A. 83; Little Rock Traction & Electric Co. v. Morrison, 1901, 69 Ark. 289, 62 S.W. 1045; Lloyd v. Albemarle & R. R. Co., 1896, 118 N.C. 1010, 24 S.E. 805, 54 Am.St.Rep. 764; Thompson v. Salt Lake Rapid-Transit Co., 1898, 16 Utah 281, 52 P. 92, 40 L.R.A. 172, 67 Am.St. Rep. 621. But the antecedent negligence in each of these cases involved in part at least a continuing mechanical omission or defect in the vehicle operated by the defend-

ant. We have found no case which extends this rule to cover a situation where, as here, the antecedent negligence was supplanted by a determined effort to avoid the accident when plaintiff's negligence occurred and her perilous situation arose. The Sergeant's negligence, the court found, consisted of having failed, previously to that event, to heed a "Slow" sign and also in not slowing down for the intersection. He was going too fast; but there is no finding he failed to exert every effort to avoid the accident when plaintiff turned into his path. There was no continuing negligence though there was the effect of prior negligence. In any event, the doctrine of the cases last cited has not been applied in Virginia so as to cover this situation. We do not feel justified in going beyond the rule for Virginia which has been laid down by her own courts, especially when to approve the theory stated by the trial court would also go beyond the rule which has been followed in cases governed by the law of this jurisdiction. See Dean v. Century Motors, Inc., 1946, 81 U.S.App.D.C. 9, 154 F.2d 201.

 II. The findings of the District Court are not sufficiently comprehensive to warrant us in directing the entry of judgment for the defendant United States or in affirming the judgment for the plaintiff on the basis of evidence not made the subject of findings of the District Court. Wessel v. Seminole Phosphate Co., 4 Cir., 13 F.2d 999, 1003; Cunningham v. United Association of Journeymen, etc., 1932, 114 Conn. 309, 158 A. 807, 808; Border Gas Co. v. Windrow, 5 Cir., 1925, 3 F.2d 974. The trial court in concluding under the last clear chance doctrine that plaintiff was entitled to recover not unnaturally made findings related only to its view of that doctrine. Nevertheless there was other evidence, not made the subject of findings, which might well have supported a judgment for the plaintiff. For example, there was evidence from which, consistently with the findings made, the court could also have found that the Sergeant should have appreciated plaintiff's intention to turn before he reached a point only sixty-five feet from her, and could have either brought the truck to a stop or could have directed the truck to the right of her car without colliding with it. We do not elaborate further. We say this much only to indicate why a new trial is warranted. 28 U.S.C.A. § 2106. The findings of facts will remain open to the trier of the facts.

Reversed and remanded with instructions to grant a new trial.