## CAPITAL TRANSIT CO. v. GARCIA.

### No. 11038.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 18, 1951.

Decided Jan. 24, 1952.

Frank F. Roberson, Washington, D. C., with whom George D. Horning, Jr., Washington, D. C., was on the brief, for appellant.

Dorsey K. Offutt, Washington, D. C., with whom Thomas A. Farrell, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Appellee Garcia recovered judgment against appellant Transit Company for personal injuries caused by his walking against the side of a streetcar. In crossing the street on a crosswalk, he kept watching a traffic light on his right and so failed to see the streetcar approaching from his left. Obviously his negligence was a cause of his injury. The chief question is whether the District Court erred in submitting the case to the jury on the basis of the so-called last clear chance doctrine. We think the court was right.

Clearly there was never a time when the operator of the streetcar could and the appellee could not have avoided the accident by using care. In other words appellant's operator did not have a later chance than appellee to avoid the accident. But in the

---

District of Columbia the so-called last clear chance doctrine is broader than its name. A plaintiff who appears to be oblivious to danger, although he would be quite able to avoid it if he knew of its existence, is within this qualified exception to the rule that contributory negligence bars recovery for injuries negligently inflicted. Stewart v. Capital Transit Co., 70 App.D.C. 346, 347, 108 F.2d 1, 2; Capital Transit Co. v. Smallwood, 82 U.S.App.D.C. 228, 230, 162 F.2d 14, 16; Capital Transit Co. v. Grimes, 82 U.S. App.D.C. 393, 394, 164 F.2d 718, 719. Passengers in the streetcar inferred from appellee's appearance and conduct as he walked through the street toward the track that he was oblivious to the car's approach. The jury might reasonably conclude that if the operator had used due care he would have observed the same things, drawn the same inference, and sounded his gong in time to avoid the accident. There was ample testimony that no gong was sounded.

We have considered appellant's other contentions but find no prejudicial error.

Affirmed.

CLARK, Circuit Judge, dissents.