**FINNEY v. CAPITAL TRANSIT CO. et al.**

**No. 11068.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 18, 1951.

Decided May 29, 1952.

Clark, Circuit Judge, dissented.

Mr. Dennis Collins, Washington, D. C., for appellant.

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. Howard Boyd, Washington, D. C., was on the brief, for appellees.

Before EDGERTON, CLARK and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Appellant, plaintiff below in a personal injury action, appeals from an adverse judgment. The principal question is whether the trial court erred in refusing on request to instruct on the doctrine of the last clear chance.

Appellant, while riding a motorcycle along the southern side of Pennsylvania Avenue in an easterly direction, began to make a left hand turn onto 21st Street, N. W. There was testimony that he stopped in the middle of the streetcar tracks awaiting passage of westbound traffic. A streetcar of appellee, approaching in an easterly direction, collided with appellant, resulting in the injuries for which the action was brought.

There was evidence, which the jury was entitled to believe, that when appellant turned onto the tracks the streetcar was west of a loading platform at the western side of the intersection, proceeding at slow speed, that appellant was intent on watching westbound traffic before proceeding, that the streetcar did not stop, but accelerated its speed, and that its operator gave no warning.

This evidence would warrant a jury in concluding that appellee's operator was negligent and that appellant was contributorily negligent. But the jury could have concluded also that the operator, with the exercise of due care, could have become aware that appellant was in peril and was oblivious of the fact, and that, after becoming so aware, the operator could have brought the streetcar to a stop before the collision or could have warned appellant in time to enable him to avoid the collision. While the jury was not required to adopt this theory of the evidence appellant was

entitled to an instruction on the last clear chance doctrine as applicable in this jurisdiction to such an evidential situation. In upholding the submission of such a question to the jury in a recent case, Capital Transit Co. v. Garcia, 1952, 90 U.S.App. D.C. 168, 194 F.2d 162, 163, this court said, "A plaintiff who appears to be oblivious to danger, although he would be quite able to avoid it if he knew of its existence," is not necessarily barred from recovery by reason of his own contributory negligence even though the company's operator did not have a chance, later in point of time, to avoid the accident. See, also, Jackson v. Capital Transit Co., 1938, 69 App.D.C. 147, 99 F.2d 380, certiorari denied, 1939, 306 U.S. 630, 59 S.Ct. 464, 83 L.Ed. 1032; Stewart v. Capital Transit Co., 1939, 70 App.D.C. 346, 108 F.2d 1, certiorari denied, 1940, 309 U.S. 657, 60 S.Ct. 515, 84 L.Ed. 1006; and Capital Transit Co. v. Smallwood, 1947, 82 U.S.App.D.C. 228, 162 F.2d 14. Cf. United States v. Morow, 1950, 87 U.S.App.D.C. 84, 182 F.2d 986, where the law in Virginia was applied. Since the evidence would support an instruction of the character requested failure of the trial court to give it requires reversal.

■ Appellant also urges that the court erred in refusing a requested instruction that the jury might consider whether the fact that persons were standing on the loading platform waiting to board the streetcar gave a reasonably prudent person assurance of safety in moving onto the track area, as appellant did. In view of the entire charge, adequate save for the omission to which we have referred, it was not essential to give an instruction on this particular phase of the evidence. Montgomery v. Virginia Stage Lines, 1951, 89 U.S.App. D.C. 213, 191 F.2d 770, is distinguishable because there the requested instruction dealt with a vital aspect of the case not otherwise covered, as is true of the failure to instruct as to the last clear chance in the case at bar.

Reversed and remanded for proceedings consistent with this opinion.

CLARK, Circuit Judge, dissents.