**TALLANT TRANSFER COMPANY, Inc., Appellant,**

v.

**Robert L. BINGHAM, Appellee.**

No. 6828.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 6, 1954.

Decided Oct. 8, 1954.

Wesley M. Walker, Greenville, S. C. (D. B. Leatherwood and J. D. Todd, Jr., Greenville, S. C., on the brief), for appellant.

Benj. A. Bolt, Greenville, S. C. (Hubert E. Nolin, Greenville, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and HOFFMAN, District Judge.

HOFFMAN, District Judge.

This appeal is from a judgment of the United States District Court for the Western District of South Carolina, at Greenville, in favor of the appellee. Robert L. Bingham, here referred to as the plaintiff, against the appellant, Tallant Transfer Company, Incorporated, here referred to as the defendant, said judgment being in the sum of $7,500.

As originally instituted the complaint named the appellant and its insurance carrier, The Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, as defendants. A motion to dismiss on grounds of an improper joinder of the insurance carrier was granted by the District Judge with leave to amend the complaint, omitting any reference to the insurance carrier. Plaintiff thereafter filed his amended complaint and in due time the case proceeded to trial before a jury.

On the morning of the second day of trial defendant moved for a mistrial for the reason that a publication of an account of the trial had appeared in that morning's issue of the Greenville News. The press had reported that the action was against the present appellant and its insurance carrier above named. Obviously the press, in reviewing the file, had observed only the original complaint, as the reference to the insurance carrier is to the effect that plaintiff's "complaint names the transfer company and its insurer, Pennsylvania Threshermen and Farmers Mutual Casualty Company".

Defendant now assigns as error the refusal of the District Judge to grant a mistrial and, in the oral argument before this Court, concedes that this is the main point in issue. Closely allied to this contention is defendant's theory that the verdict was excessive and appears to have been rendered under the influence of passion and prejudice. Defendant also asserts that the verdict is contrary to the evidence, and that the District Judge erred in charging the jury that the sum of $606 should be considered as an element of damages when, in fact, this amount was paid to plaintiff by his employer for accumulated sick leave time in accordance with the terms of his employment.

It is unnecessary to discuss the details of the accident as defendant concedes the questions of primary and contributory negligence were matters properly submitted to the jury for determination. It is sufficient to state that defendant's truck sideswiped plaintiff's automobile with the result that plaintiff sustained a compound comminuted fracture of the forearm, a laceration of the back of the wrist with some loss of skin, a fracture of two metacarpal bones of the hand, and some injury to the finger tendons. The attending physician described the injuries as "very painful" with a permanent

disability in the partial loss of grip and power in the hand and arm. As a lineman for the Duke Power Company, plaintiff is unable to perform work which may require him to climb poles. He lost nine weeks from work from which he would have realized $625.56 but the evidence establishes that plaintiff received from his employer for the time stated the sum of $606. Therefore, defendant contends that the evidence with respect to loss of earnings must be limited to the sum of $20.56, same being the difference between what the plaintiff would have earned had he not been injured and what he actually received.

■ We are of the opinion that the quantum of damages allowed by the jury is well within reason. It fails to indicate any passion or prejudice, and this is so even though all members of the jury may have read the newspaper account referring to the named insurance company.

■ Dealing specifically with the item of $606 included as damages under the charge of the District Judge, it appears that plaintiff lost the benefit of his sick leave to the extent of the amount paid to him. While we deem it unnecessary to discuss the widely accepted doctrine to the effect that a third party tort-feasor should not be permitted to benefit from the generosity of the plaintiff's employer, even if we were to disapprove of such a theory it would not preclude the item of damages involved in this case. Plaintiff had a right to his sick leave for future needs as a part of his employment. To now deprive him of these rights which he may need in the future to compensate him for some illness not occasioned by the act of a third party tort-feasor would be inconsistent with all principles of justice. Martin v. Sheffield, 112 Utah 478, 189 P.2d 127.

■■ The question of press reports making reference to insurance companies and "liability insurance" has been previously considered by this Court in Hoffecker v. Jenkins, 4 Cir., 151 F.2d 951.

We adhere to our prior ruling and again refer to Hoffschlaeger Company v. Fraga, 9 Cir., 290 F. 146. It will be noted that counsel for defendant in the instant case failed to request the District Judge to interrogate the jurors as to their knowledge of the contents of the newspaper article and the effect, if any, it may have had upon the individual jurors. Defendant contends that such action would only tend to emphasize the point, but if it was in fact prejudicial this would be the only means available to ascertain the extent of same.

When we are cognizant of the fact that 44 states and the District of Columbia have enacted financial responsibility statutes governing the operation of motor vehicles, it becomes increasingly apparent to us that questions involving the injection of "liability insurance" into the trial of a case are of decreasing importance. While we are not yet disposed to hold that an intentional reference to 'insurance" should be disregarded in the trial of actions involving motor vehicle accidents, we reiterate what was said by Judge Dobie in Gleaton v. Green, 4 Cir., 156 F.2d 459, in a case involving a local public carrier, to the effect that the members of the jury probably already knew of the existence of insurance. In the present case we are concerned with a transfer company operating in interstate commerce. It is more than likely that one or more members of the jury would have had sufficient intelligence to know that the real party in interest was the insurance carrier, irrespective of the newspaper item. There is certainly no merit to defendant's position on this point with respect to the facts presented and, consistent with our prior ruling, we hold that newspaper accounts making reference to insurance companies or "liability insurance" in cases involving motor vehicle accidents, published prior to or during the course of trial, furnish at best an opportunity to interrogate the jury members as to the effect, if any, of such knowledge, leaving to the discretion of the trial court the wisdom of granting a

mistrial in the event any individual juror indicates that such knowledge may affect his verdict.

The judgment of the court below is accordingly affirmed.

Affirmed.