**BABER** et al.

v.

**AKERS MOTOR LINES, Inc.**

No. 11842.

United States Court of Appeals
District of Columbia Circuit.

Argued March 15, 1954.

Decided June 10, 1954.

Petition for Rehearing Denied
Nov. 2, 1954.

**844**

Mr. Leonard S. Melrod, Washington, D. C., for appellants.

Mr. E. Willard Hyde, Washington, D. C., with whom Mr. Mario S. Romero, Washington, D. C., was on the brief, for appellee.

Before CLARK, FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

Katherine and Emmett Baber, plaintiffs in the District Court, are husband and wife. They sued the Akers Motor Lines, Inc., for personal injuries to the wife and for consequent expense and loss of consortium by the husband, growing out of a collision with a truck of the Motor Lines. At the time of the accident the Baber car was occupied by the wife and Louis E. Baker, who was driving it. The Motor Lines defended, and also counter-claimed against both plaintiffs for damages to its truck.[1]

After a trial before a jury judgment was rendered for the Motor Lines on plaintiffs' complaint and also on its counter-claim, on which it was awarded $305.04. Plaintiffs appeal.[2]

The wife, Katherine Baber, with her husband's permission had driven his car from their home in Silver Spring, Maryland, to a restaurant in Waldorf, Maryland, where she visited with friends who conducted the restaurant. She remained there until after closing time. Becoming sleepy, as she said, she asked Louis E. Baker, who also had been at the restaurant, to drive her home. With Mrs. Baber in the front seat beside him he drove the car into Washington. There was evidence that Mrs. Baber almost immediately went to sleep and remained so until the accident. There was other evidence, however, from which it might have been concluded that during part of the intervening time she had consumed some beer from bottles brought along from the restaurant. It could be argued, moreover, that the trip took a somewhat longer time than the distance ordinarily would require, though this is not clear.

At the intersection of New York and Montana Avenues, in Washington, the collision occurred under circumstances which on the evidence raised issues for the jury as to whether it was due to the negligent driving of Baker or of the truck driver, whether either or both were contributorily negligent, and whether either could have avoided the accident within the meaning of the last clear chance doctrine. As we have indicated the jury resolved the issues favorably to the Motor Lines.

We find no error in the judgment against the husband, Emmett Baber, owner of the car. § 40–403, D.C.Code (1951), provides that when a motor vehicle is operated with the consent of the owner, express or implied, the operator in case of accident shall be deemed to be the owner's agent and proof of owner-

---

1. The Motor Lines also filed a third-party complaint against Louis E. Baker. This went to judgment against him by default and is not involved in the appeal.

2. Judgment was entered on March 25, 1953. Plaintiffs filed a timely motion for new trial which was overruled on April 27. Notice of appeal was filed on May 6, stating that the appeal is from the "judgment * * * entered on the 27 day of April". We construe the appeal as from the final judgment of March 25, since the motion for new trial extended the time for filing the notice of appeal. Rule 73(a), Fed.R.Civ.P., 28 U.S.C.A. Safeway Stores v. Coe, 78 U.S.App. D.C. 19, 136 F.2d 771, 148 A.L.R. 782; Calvin v. Calvin, — U.S.App.D.C. —, 214 F.2d 226, decided April 1, 1954.

ship shall be prima facie evidence that the person operated the vehicle with the owner's consent.[3] See Forrester v. Jerman, 67 App.D.C. 167, 90 F.2d 412. There was not sufficient evidence to overcome the prima facie case of consent growing out of Emmett Baber's ownership. The court, therefore, did not err in instructing the jury that negligence of the driver Baker, if found by the jury, was attributable to Emmett Baber as owner. See Rosenberg v. Murray, 73 App.D.C. 67, 116 F.2d 552; National Trucking & Storage Co. v. Driscoll, Mun. App.D.C., 64 A.2d 304.

The judgment against Katherine Baber, the wife, presents a different problem. Since she was not the owner the Code itself attributes no responsibility to her. However, the court ruled as matter of law that Baker was her agent, and for that reason held his negligence or contributory negligence imputable to her. It is true the evidence without contradiction shows that Baker was Mrs. Baber's agent to drive her home; but an agency which results in imputing to a principal who is an occupant of the car the agent's negligence in driving, is not so simply established. Agency with this consequence involves retention by the principal of the right of control and direction. Bernhardt v. City & S. Ry. Co., 49 App.D.C. 265, 268, 263 Fed. 1009, 1012. And this right of control and direction we think has to do with the operation of the car, not merely with control of the destination. We so interpret the case last cited, and also Myles v. Philadelphia Transp. Co., 3 Cir., 189 F.2d 1014, and Stafford v. Roadway Transit

Co., 3 Cir., 165 F.2d 920, 922.[4] Compare, however, Pearson v. Northland Transp. Co., 184 Minn. 560, 239 N.W. 602. In Phelps v. Boone, 62 App.D.C. 308, 67 F.2d 574, this court had before it the question whether the Government was liable or whether the Navy official, Boone, to whom a Government car was assigned should be held to respond for the Navy driver's negligence when the car was used on private business of Boone. Reversing the trial court, this court there held that Boone was liable for the negligent acts of the Navy driver while engaged in operating the car for his benefit. In the quite different circumstances presented by the record before us the presence or absence of the right of control was for the trier of facts to decide, not a question of law for the court. For this reason the judgment, insofar as it was against Katherine Baber on her complaint and on the Motor Lines' counterclaim, must be set aside and a new trial awarded.

We are also urged to reverse on the additional ground that the court erred in instructing the jury on the doctrine of the last clear chance, but we find no reversible error in this regard. Contrary to appellants' contention we do not think the court erred in instructing that the doctrine was applicable both to plaintiffs' action and to defendant's counter-claim.[5] As we understand the point it is that if either driver had a last clear chance then both could not. While this is true it does not follow that the instruction was erroneous. An alternative was intended, as we see it; it was for the jury to determine whether or not either had

3. "Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall, in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner." § 40–403, D.C. Code (1951).

4. In both Myles v. Philadelphia Transp. Co. and Stafford v. Roadway Transit Co. Pennsylvania law was applied.

5. The instruction in pertinent part was as follows:
"* * * And if either driver failed to exercise the means available to himself when he had an opportunity to do so to avoid this collision after he saw the situation of the other driver or would have seen it had he kept a proper lookout, then there would be liability, despite the negligence of both drivers."

the chance, and, if so, which one. Nor can we agree that the evidence afforded no basis for allowing the jury to apply the doctrine against the driver Baker.

■ Another objection to the last clear chance instructions is that when the jury returned for further assistance on this subject the court instructed that they could charge the automobile driver with knowledge of what he should have seen but did not.[6] We find no error in this statement of the law. Finney v. Capital Transit Co., 91 U.S.App.D.C. 61, 198 F.2d 81; Capital Transit Co. v. Garcia, 90 U.S.App.D.C. 168, 194 F.2d 162; Capital Transit Co. v. Grimes, 82 U.S. App.D.C. 393, 394, 164 F.2d 718, 719, certiorari denied, 333 U.S. 845, 68 S.Ct. 664, 92 L.Ed. 1129; Dean v. Century Motors, 81 U.S.App.D.C. 9, 154 F.2d 201. The case of United States v. Morow, 87 U.S. App.D.C. 84, 182 F.2d 986, relied upon by appellants, in which this court applied the law of Virginia, is distinguishable. When in that case the negligence of plaintiff occurred and her peril became known, it could not be said the driver of defendant's vehicle then had an opportunity at the speed he was traveling to avert the collision by bringing the vehicle to a stop. The court recognized, however, that if the driver, in the exercise of due care, earlier could have appreciated plaintiff's intention to turn into his path, but negligently failed to do so, and but for such negligence the accident could have been avoided, the last clear chance doctrine was not excluded because actual knowledge of plaintiff's intention was absent. 87 U.S.App.D.C. at page 87, 182 F.2d at page 989.

■ Error is also laid to the failure of the court in its final charge to instruct that in order to apply the last clear chance doctrine against a driver the jury must find that he had means to avoid the collision at the speed he was traveling rather than the speed to which he should have held the vehicle. On three prior occasions the court charged as to this, and it was not necessary to do so again.[7]

■ Because of the error of the court in deciding as matter of law that Baker's negligence, if found by the jury, was imputable to Mrs. Baber, a new trial will be granted as to her complaint against the Motor Lines and the latter's counterclaim against her. While this error relates only to agency and not to Baker's negligence we grant a new trial on all issues rather than exercise our discretion to separate them and limit the scope of the new trial. Compare Washington Gas Light Co. v. Connolly, 94 U.S.App. D.C. ——, 214 F.2d 254. The judgment against Mr. Baber will be affirmed.

It is so ordered.

6. This part of the instruction reads: " * * * If his failure to have knowledge is due to his negligence, in other words, if a driver fails to keep a proper lookout and had he kept a proper lookout he would have seen the situation, then he is responsible to the same extent as if he had actually seen him, and so if a witness testifies that he looked and didn't see an object and you are satisfied from the evidence that had he looked he would have seen that object, then you may infer that he did not look."

7. We have considered also the contention that it was error to allow counsel for the Motor Lines to cross-examine Baker about the default judgment against him. See n. 1 supra. This evidence, received on his credibility, came in a context which deprives it of sufficient importance to warrant a new trial, assuming it was inadmissible, a question we do not decide.