Max E. JENKINS, Appellant,

v.

Saint Paul YOUNG, Appellee.

No. 2025.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 5, 1957.

Decided Oct. 23, 1957.

Katherine M. Staley, Washington, D. C., for appellant.

Leonard Kaplan, Washington D. C., for appellee. C. E. Channing, Jr., Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

This appeal by a defendant charges error in the application of the doctrine of the last clear chance in an action arising from a collision between two automobiles in a street intersection controlled by traffic lights. The amount of damage to the two vehicles was stipulated and the only witnesses were plaintiff and defendant.

Plaintiff testified he was driving west on Pennsylvania Avenue at 20 to 25 miles an hour and entered the intersection with 17th Street on a green light; that before entering he looked to his right and did not see defendant's automobile; that when he was at about the middle of the intersection he first saw defendant's automobile about two car lengths away on his right; that he made no attempt to avoid the collision because "I was too close to do anything"; and that his automobile was struck on the right side near the center by defendant's automobile. On cross-examination plaintiff said he did not see defendant's automobile "until he was approaching the intersection too close for me to stop or for him to stop."

Defendant testified he was traveling south on 17th Street at 25 miles or more an hour and entered the intersection with Pennsylvania Avenue on a green light; that when he was three or four car lengths from the intersection he saw plaintiff's automobile almost at the intersection, but did not "think he was coming through"; that when he saw that plaintiff was coming through he applied his brakes, making a foot and a half

skid marks, but could not avoid striking plaintiff's automobile.

At the conclusion of the testimony and argument of counsel, the court announced: "I don't think there is any question of the negligence of the defendant and contributory negligence of the plaintiff, but I do think the defendant had the last 'clear chance, so I am making a trial finding in favor of the plaintiff * * * on the original claim and in favor of the plaintiff on the counterclaim."

Neither party contests the findings of negligence and contributory negligence. Defendant appeals on the sole ground that the trial court was in error in applying the doctrine of the last clear chance.

The doctrine of the last clear chance is well established in this jurisdiction. In Dean v. Century Motors, 81 U.S. App.D.C. 9, 10, 154 F.2d 201, 202, it was summarized in the following manner: "The doctrine presupposes a perilous situation created or existing through the negligence of both the plaintiff and the defendant, but assumes that there was a time after such negligence had occurred when the defendant could, and the plaintiff could not, by the use of means available, avoid the accident. It is not applicable if the emergency is so sudden that there is no time to avoid the collision, for the defendant is not required to act instantaneously." The requirement that plaintiff be unable to extricate himself from his position of danger is dispensed with when he is oblivious to such danger. Capital Transit Co. v. Garcia, 90 U.S.App. D.C. 168, 194 F.2d 162. Thus in the recent case of Rankin v. Shayne Brothers, Inc., 98 U.S.App.D.C. 214, 217, 234 F.2d 35, 38, it was said "that notwithstanding plaintiff's contributory negligence defendant may be found liable if the jury should find that plaintiff was in a position of peril of which he was oblivious, that defendant was aware, or had he exercised reasonable care would have been aware, of plaintiff's peril and obliviousness thereof, and that thereafter

defendant by the exercise of reasonable care could have avoided the accident."

■ The doctrine is not applicable under all circumstances but only, as its name implies, when a defendant has a last clear chance, i.e., a reasonable opportunity, to avoid the accident. Hocheisen v. Smith, 81 U.S.App.D.C. 323, 158 F.2d 100; United States v. Morrow, 87 U.S.App.D.C. 84, 182 F.2d 986; Johnson v. Yellow Cab Co., D.C. Mun.App., 93 A.2d 566; Grant v. Williams, D.C.Mun.App., 94 A.2d 475

■ From the testimony previously recited, it will be observed that each party claimed to have entered the intersection on a green light. On this crucial issue the trial court made no finding. However, it did find that defendant was negligent and plaintiff was contributorily negligent. On this finding and the evidence we must assume that each party negligently entered the intersection, proceeded without proper observation and failed to observe the other vehicle until it was too late for either to avoid the collision. The negligence of both parties concurred in bringing about the result, and we find no evidentiary support for a finding that after the perilous situation had been created by the negligence of both, there remained a reasonable opportunity for defendant to avoid the accident. Accordingly, there was error in holding that the doctrine of the last clear chance was applicable.

Judgment for plaintiff on the original claim reversed with instructions to enter judgment for defendant.