Cotter M. MATHEWS, Plaintiff,

v.

Stanley A. LINDSAY, Defendant.

No. 1666-58.

United States District Court
District of Columbia.

May 20, 1959.

Curtis P. Mitchell, John A. Shorter, Jr., Roy M. Ellis, Washington, D. C., for plaintiff.

Cornelius H. Doherty, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

Plaintiff was struck by defendant's automobile on December 19, 1957, at approximately 6:45 A.M. He brought suit against the defendant, contending that the defendant's negligence in the operation of his automobile proximately caused plaintiff's injuries. Defendant denied negligence and contended that plaintiff was contributorily negligent. This the plaintiff denied, and, alternatively, he relied on the doctrine of last clear chance.

The testimony at the trial showed that defendant was driving in an easterly direction on Constitution Avenue between First Street and New Jersey Avenue, N.W., in the lane of traffic closest to the center line of the street. Moments before, plaintiff had parked his car along the southern curb of Constitution Avenue and had then proceeded in a diagonal path across Constitution Avenue, at a point where there was no cross-walk.[1] When the plaintiff was at or near the center line of the street, he was struck by defendant's automobile and his right leg was broken.

After a four-day jury trial, a verdict was returned for the defendant. Plaintiff has moved for a new trial. He argues:

1. The evidence did not justify the verdict and should, in an exercise of the Court's discretionary powers, be set aside;

2. The Court erred in its instructions in that the following issues should not have been submitted to the jury: pedestrian violations and "sudden emergency".

A new trial may properly be granted where the evidence is legally insufficient to support the verdict. See 6 Moore's Federal Practice § 59.08[5] and cases cited. In the instant case, the Court is of the opinion that there was ample evidence for the jury to reach the verdict it did. The plaintiff was struck while he was at or near the center line of the street and outside a cross-walk. Taking into consideration the fact that on a weekday, at the time this accident occurred, Constitution Avenue is a busy thoroughfare, there was sufficient evidence upon which the jury could base a finding of contributory negligence. Therefore, even if the jury found the defendant negligent, the plaintiff would have been barred from recovery.

Furthermore, the jury could reasonably have found that the doctrine of last clear chance did not apply to the facts in this case. The defendant testified that he did not see the plaintiff, even though he was keeping a lookout, until he was about forty feet away. The reason for this was that a car immediately in front of the defendant's swerved to the right, and only then was the plaintiff visible. From this testimony, the jury could have concluded that the defendant had no opportunity to avoid the accident after he became or should have become aware of the plaintiff's position of peril.

The Court instructed the jury on the District of Columbia traffic regulations pertaining to pedestrians. One of these, Section 57, reads:

"No pedestrian shall cross a roadway at any place other than by a route at right angles to the curb or by the shortest route to the opposite curb, except in a crosswalk."

Plaintiff now argues that the submission of this regulation to the jury was error since there was no causal connection between the manner in which the plaintiff arrived at (or near) the center of the street and his subsequent injuries. But this was for the jury to decide. Moreover, plaintiff's negligence cannot here be restricted to his walking across the street; the jury could have found plaintiff negligent in that he allowed himself to be in the middle of the street between lanes of fast-moving vehicles. And it certainly would not have been unreasonable for them then to have concluded that plaintiff's negligence in this regard contributed to his injuries.

The Court submitted the issue of last clear chance to the jury. Part of the charge was:

"It [last clear chance] is not to be applied if the emergency is so sudden that there is no time to avoid the collision."

Plaintiff complains that this was error. But it is simply a corollary of the charge

---

[1] Based on the District of Columbia Traffic Regulations, Section 2, and the testimony of an expert, the Court found, as a matter of law, that there was no cross-walk at the place where plaintiff crossed Constitution Avenue nor where he was struck. The jury was so instructed.

immediately preceding that the last clear chance

"assumes there was a time when the defendant could, and the plaintiff could not, by means available, avoid the accident."

See Jackson v. Capital Transit Co., 1938, 69 App.D.C. 147, 149, 99 F.2d 380, 382; Capital Transit Co. v. Garcia, 1952, 90 U.S.App.D.C. 168, 194 F.2d 162; Baber v. Akers Motor Lines, 1954, 94 U.S.App. D.C. 211, 214, 215 F.2d 843, 846. In order for the last clear chance doctrine to apply there must be a "chance" to avoid the accident. From the testimony in this case, the jury might have concluded that the defendant could not see the plaintiff until the car preceding defendant's swerved away and that at that time it was too late to avoid striking the plaintiff. Cf. Tyler v. Starke, 1942, 76 U. S.App.D.C. 42, 128 F.2d 611.

This is the typical case where the jury could have decided the issues of negligence, contributory negligence and last clear chance either way because of the conflict in the testimony. In such a situation, for the Court to grant a new trial would be to usurp the function of the jury.

Motion denied.