Frederick J. McMANUS, Jr., a minor, by his father and next friend, Frederick J. McManus, Sr., et al., Appellants,

v.

Winifred ROGERS, Appellee.

No. 15199.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 30, 1959.

Decided Dec. 3, 1959.

Mr. David N. Webster, Washington, D. C., with whom Mr. Frank F. Roberson, Washington, D. C., was on the brief, for appellants.

Mr. Douglas A. Clark, Washington, D. C., with whom Mr. Louis Rabil, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

The plaintiff appeals from a judgment on a directed verdict for the defendant in a suit for personal injuries. We are unable to agree that "reasonable men could not reach different conclusions" from the evidence, which the court summarized fully in a thoughtful opinion. McManus v. Rogers, D.C., 173 F.Supp. 118, 125–126.

 At the time of the accident the defendant's son was driving the defendant's car and the plaintiff was riding on the outside right rear deck or fender. The car was filled to overflowing with other young people who, like the driver and the plaintiff, had attended a church-sponsored party in a private home. The plaintiff fell and was injured when the car made a left turn at an intersection. He was found lying unconscious in the street. We think a jury might reasonably find from the evidence that when the car arrived at the intersection it was going downhill at about 25 miles an hour; that the turn the driver made was "sharp";[1] that although there was no evidence of exactly when he learned there was somebody riding on the rear deck, he learned soon enough so that he might, by using reasonable care, have refrained from making a turn; and that the turn increased the danger of a person in the plaintiff's position, was negligent as to him, and was a cause of the accident.

As the court said in its opinion, according to the driver's statement to the police "he heard that someone was on the back of the car as he came down the street, he cut the wheels to turn into Belt Road, and at that time he put the brakes on because he knew he was going too fast 'if there was someone on the back of the car.'" 173 F.Supp. at page 124. The court correctly stated the law to be that "To either a trespasser whose presence is known or may reasonably be known or a bare licensee, the driver owes a duty to use reasonable care not to commit any negligent act which will create a danger * * *." 173 F.Supp. at page 120.

We agree with the court that the plaintiff was "negligent as a matter of law" in putting himself in the dangerous place from which he fell. This negligence was a cause of the accident. But as we have indicated, we think a jury might reasonably find that negligence of the driver, after he learned of the plaintiff's danger, was also a cause of the accident. In that case the plaintiff would be entitled to recover, provided either (1) at the time of the accident it was too late for him to save himself by using reasonable care, or (2) the requirements of the "last clear chance" doctrine were met in some other way. In the District of Columbia this "doctrine is broader than its name." Capital Transit Co. v. Garcia, 90 U.S.App.D.C. 168, 194 F.2d 162.

Reversed.

BASTIAN, Circuit Judge (dissenting).

I would affirm the judgment on the opinion of the District Judge. McManus v. Rogers, D.C.1959, 173 F.Supp. 118.

---

it seemed "the car wasn't going to make it around the turn." 173 F.Supp. at page 124.